UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

MICHAEL C. DEAN,

      Plaintiff,

    v.

JENNIE MARTINEZ,
JUAN BAPTISTA, and
DARIN REHNELT,

      Defendants.

Civil No. 08-5413 (PAM/SRN)

**REPORT AND
RECOMMENDATION**

---

This matter is before the undersigned United States Magistrate Judge on

Plaintiff's "Application To Proceed Without Prepayment Of Fees And Affidavit."

(Docket No. 2.)  Plaintiff is seeking permission to proceed in forma pauperis, ("IFP"),

pursuant to 28 U.S.C. § 1915, so that he will not have to pay the filing fee and other

costs associated with this action.  The matter has been referred to this Court for

report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the

reasons set forth below, it is recommended that Plaintiff's IFP application be denied,

and that this action be dismissed.

    An IFP application will be denied, and the action will be dismissed, when the

plaintiff has filed a complaint that fails to state a claim on which relief may be

granted.  28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th

Cir. 1996) (per curiam).

To state an actionable claim for relief, a complaint must describe a set of specific historical facts, which, if proven true, would entitle the complainant to some legal recourse against the named defendant(s), based on some cognizable legal theory.  See Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law").

In this case, Plaintiff alleges that Defendants have refused to pay him certain wages that he earned while he was employed by JBS Swift.[1] Plaintiff claims Defendants have violated his "constitutional rights to receive... wages."  He further claims that "according to the constitution that a man has a right to his or her earned wages," and that Defendants have violated his "constitutional right to receive legally earned wages."

Plaintiff is seeking "a cease, and decease order of this policy," and punitive damages in the amount of $500,000.00.

Plaintiff has failed to plead an actionable claim for relief against the named Defendants, because his lawsuit is predicated on an erroneous legal theory –

---

[1] For reasons not explained in the complaint, Plaintiff is not attempting to sue JBS Swift, (which apparently is the party that employed him, and presumably would be the only party that could be liable for any unpaid wages), but he is instead attempting to sue three individuals who evidently work for JBS Swift.  The Court also notes that two of the three named Defendants – Juan Baptista and Darin Rehnelt – are never mentioned in any of the substantive allegations in the complaint.  For this reason alone, Plaintiff has clearly failed to plead any actionable claim for relief against either of those two Defendants.

namely, that the United States Constitution guarantees him a privately enforceable right to recover wages that he has earned from his employment by a private-sector employer.  In fact, the Constitution provides no such guaranty.[2]  Therefore, Plaintiff has not pleaded a legally cognizable claim in his current complaint.

Because Plaintiff's complaint fails to state a cause of action on which relief can be granted, his IFP application must be denied, and this action must be summarily dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1.   Plaintiff's "Application To Proceed Without Prepayment Of Fees And Affidavit," (Docket No. 2), be DENIED; and

2.   This action be summarily DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: October 14, 2008

 s/ Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **October 29, 2008,** a writing which

---

[2]  Plaintiff might be able to sue his <u>employer</u>, in <u>state</u> court, based on a <u>state</u> common law contract theory, (or perhaps some state statute), to recover unpaid wages; but again, he can<u>not</u> bring such a claim based on the federal Constitution, because the Constitution itself simply does not guarantee a person a legally enforceable "right to his or earned wages."

specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.